IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEROME CARTER,

           Petitioner,

    v.                                      CASE NO.07-3317-SAC

ROGER WERHOLTZ, et al.,

           Respondents.

**O R D E R**

Petitioner proceeds pro se and in forma pauperis in this action, seeking a writ of habeas corpus under 28 U.S.C. § 2254. Having reviewed the record, the court finds it appropriate to grant petitioner an opportunity to supplement the record to address respondents' assertion that petitioner failed to exhaust state court remedies on two or more of the grounds set forth in the petition.

*Background*

Petitioner was convicted by a jury on charges of murder aggravated robbery, and criminal possession of a firearm, and was sentenced to a controlling prison term of 40 years to life plus 199 months. The Kansas Supreme Court reversed petitioner's convictions, and remanded for a new trial. State v. Carter, 270 Kan. 426 (2000). Upon retrial, petitioner was convicted of first degree felony murder, aggravated robbery, and criminal possession of a firearm, and sentenced to a controlling prison term of twenty years to life, plus 199 months. The Kansas Supreme Court affirmed these convictions and sentences. State v. Carter, 278 Kan. 74 (2004).

Petitioner sought post-conviction relief on a motion filed under K.S.A. 60-1507 in Sedgwick County District Court. The state district court appointed counsel, conducted a non-evidentiary hearing on the motion, and denied relief. The Kansas appellate courts affirmed that decision. Carter v. State, Appeal No. 96304, 2007 WL 2080431 (Kan.Ct.App. July 20, 2007), *rev. denied* (November 6, 2007).

Petitioner then filed the instant action, seeking relief on five grounds, claiming: (I) he was denied the right to confront a state's witness, (II) the state's charge of aggravated robbery failed to allege a mens rea, (III) the trial court constructively amended count three of the criminal complaint filed by the State, (IV) the prosecutor during closing argument misstated the law on reasonable doubt, and (V) ineffective assistance of counsel as it related to claims II through IV.

Before the court is respondents' answer and return, in which respondents contend the petition includes a mixture of exhausted and unexhausted claims. Respondents cite petitioner's failure to exhaust state court remedies on his second and third grounds, and suggest petitioner should be given the option for proceeding in this matter solely on his fully exhausted claims, namely grounds I, IV and V (to the extent this ground is based on ground IV).[1]

---

[1] Respondents also point out that a "mixed" petition with exhausted and unexhausted claims is subject to being dismissed without prejudice to allow petitioner to fully exhaust state court remedies on all claims. However, because it is clear on the face of the record that petitioner would not be able to re-file a § 2254 petition within the one year limitation period imposed by § 2254(d)(1), and that any attempt to now pursue remedies in the state courts on the unexhausted claims would be procedurally barred, the court finds neither a stay of this matter, nor dismissal of the

2

Petitioner filed no traverse to the answer and return, or any response to respondents' contention that petitioner had not exhausted state court remedies on each of his five claims.

*Procedural Default*

Comity requires that every claim presented for habeas review under § 2254 have been presented to one complete round of the procedure established by the state for review of alleged constitutional error. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). The court's overview of the record appears to support respondents' assertion that petitioner did not present grounds II and III to the state courts for review. Because well established state procedural bars would now prevent review of grounds II and III by the state courts,[2] the "anticipatory procedural bar" articulated in Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991), applies. The Supreme Court has explained that if state court remedies are no longer available, a prisoner's procedural default generally functions as a bar to federal habeas review. Woodford v. Ngo, 548 U.S. 81, 92 (2006); Magar v. Parker, 490 F.3d 816, 819 (10th Cir. 2007). This procedural bar can be excused if the petitioner demonstrates that

---

"mixed" petition, is warranted or necessary under the circumstances. *See* Rhines v. Weber, 544 U.S. 269 (2005).

[2]*See* K.S.A. 60-1507(c)(sentencing court is not required to entertain a second or successive 1507 motion); K.S.A. 60-1507(f)(one year limitation period for seeking post-conviction review under 60-1507). *See also*, Rowland v. State, 289 Kan. 1076 (2009)(absent a showing of exceptional circumstances, a 60-1507 motion cannot be used to raise issue that should have been raised on direct appeal)(*citing* Kan.Sup.Ct. Rule 183(c)(3)); Toney v. State, 39 Kan.App.2d 944, *rev. denied* (2008)(second post-conviction motion alleging additional grounds constitutes an abuse of remedy and can be denied as successive); Drach v. Bruce, 281 Kan. 1058 (2006)(defendant barred from raising post-conviction claims that were or could have been made on direct appeal).

3

"cause and prejudice" excuses his procedural default, or that this court's refusal to consider the defaulted grounds will result in a "fundamental miscarriage of justice."[3] Neil v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001).

Accordingly, before deciding petitioner's habeas application, the court finds it appropriate to allow petitioner an opportunity to demonstrate why federal habeas review of grounds II, III, and V (to the extent petitioner does not rely on allegations of error set forth in grounds II and III) is not barred by the anticipatory procedural default doctrine.

IT IS THEREFORE ORDERED that petitioner is granted thirty (30) days to show cause why federal habeas review of grounds II, III, and V (in part) is not barred by petitioner's procedural default in presenting these particular claims to the state courts for review.

**IT IS SO ORDERED.**

DATED: This 14th day of July 2010 at Topeka, Kansas.

        s/ Sam A. Crow
        SAM A. CROW
        U.S. Senior District Judge

---

[3]*See* Coleman, 501 U.S. at 753 ("'cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him")(internal quotation marks omitted); Murray v. Carrier, 477 U.S. 478, 494 (1986)(to show "actual prejudice" the petitioner "must show not merely that the errors ... created a possibility of prejudice, but that they worked to his actual and substantial disadvantage")(internal quotations omitted); Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999)(the extremely narrow miscarriage of justice exception arises only "where a constitutional violation has probably resulted in the conviction of one who is actually innocent")(quotation and citation omitted).