IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEROME CARTER,

        **Petitioner,**

    v.                          CASE NO.07-3317-SAC

**ROGER WERHOLTZ, et al.,**

        **Respondents.**

## MEMORANDUM AND ORDER

Petitioner proceeds pro se and in forma pauperis in this action, seeking a writ of habeas corpus under 28 U.S.C. § 2254. Having reviewed the record, the court finds this matter is now ready for review and final decision.

*BACKGROUND*

Petitioner was convicted by a jury on charges of first-degree murder, aggravated robbery, and criminal possession of a firearm. The Kansas Supreme Court reversed and remanded for a new trial, finding defense counsel was ineffective in imposing a guilt-based defense against petitioner's wishes, and finding the trial court admitted improper evidence that was designed to inflame the jury. *State v. Carter*, 270 Kan. 426 (2000)(*Carter I*). Upon retrial, petitioner was convicted of felony murder, aggravated robbery, and criminal possession of a firearm. The Kansas Supreme Court affirmed these convictions. *State v. Carter*, 278 Kan. 74 (2004)(*Carter II*).

Petitioner sought post-conviction relief on a motion filed under K.S.A. 60-1507 in Sedgwick County District Court. The state

district court appointed counsel, conducted a non-evidentiary hearing on the motion, and denied relief. The Kansas Court of Appeals affirmed that judgment. *Carter v. State*, Appeal No. 96304, 2007 WL 2080431 (Kan.Ct.App. July 20, 2007), *rev. denied* (November 6, 2007).

Petitioner then filed the instant action, claiming: (1) he was denied his constitutional right to confront a State witness, (2) the State's charge of aggravated robbery failed to allege a mens rea, (3) the trial court constructively amended count three of the criminal complaint filed by the State, and (4) the prosecutor misstated the law on reasonable doubt during closing argument. Petitioner also generally claims ineffective assistance of appellate counsel as the reason claims two though four were not raised in his direct appeal.

*STANDARD OF REVIEW*

Federal habeas corpus relief is available under § 2254 only upon a showing that petitioner is in custody in violation of the constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") govern and circumscribe a federal court's review of petitioner's claims. *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003). Under § 2254, as amended by AEDPA, the Court may not grant federal habeas corpus relief unless the applicant establishes the state court's adjudication of the claims resulted in a decision that was either (1) "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court"; or (2) "based on an unreasonable determination of the facts in light

of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). See also *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).

"A state-court decision is contrary to the Supreme Court's clearly established precedents if the decision applies a rule that contradicts the governing law set forth in Supreme Court cases, or if the decision confronts a factual scenario that is materially indistinguishable from a Supreme Court case but reaches a different result. A state-court decision involves an unreasonable application of the Supreme Court's clearly established precedents if the decision applies Supreme Court precedent to the facts in an objectively unreasonable manner." *Sperry v. McKune*, 445 F.3d 1268, 1271 (10th Cir.2006)(*citing Brown v. Payton*, 544 U.S. 133, 141 (2005)). "A legal principle is 'clearly established' ... only when it is embodied in a holding of [the Supreme Court]" as the governing legal principle when the state court renders its decision. *Thaler v. Haynes*, __ U.S. __, 130 S.Ct. 1171, 1173 (2010); *Lockyer*, 538 U.S. at 71-72. The application of clearly established Supreme Court law must be unreasonable, not just incorrect. *Bell v. Cone*, 535 U.S. 685, 694 (2002). Additionally, the state court's factual determinations are presumed correct, with petitioner bearing the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

*DISCUSSION*

A. Confrontation Clause - Claim One

Petitioner claims he was denied his constitutional right to confrontation when the trial court allowed the prior eyewitness identification testimony of a State witness (Cavelle Horn) to be

3

used to impeach Horn's testimony during petitioner's second trial.

Petitioner's convictions arose from his participation with Lelander Sweeney in an attempted robbery of three men, one of whom was fatally shot. In petitioner's preliminary hearing and first trial, Horn identified petitioner as the intruder who was armed. During petitioner's second trial, however, Horn testified to clear memories of much of what happened that night, but Horn repeatedly maintained he did not get a good look at the intruder who had the gun, could not identify petitioner as the armed intruder, and did not remember identifying petitioner in the earlier proceedings. The trial court allowed the prosecutor to read aloud portions of Horn's previous testimony and to question Horn about those passages. Defense counsel objected, arguing this would taint the second trial with the ineffective assistance of petitioner's first defense counsel who pursued a guilt based defense without vigorous cross-examination of identification evidence.

In his direct appeal, the Kansas Supreme Court rejected petitioner's claim that Horn's lack of memory rendered him unavailable for cross-examination of his more specific and damaging prior testimony, and found the Confrontation Clause was not implicated because Horn was available for cross examination in the second trial. This determination clearly comported with controlling Supreme Court precedent.

The Confrontation Clause of the U.S. Constitution provides in relevant part that: "In all criminal prosecutions, the accused shall enjoy the right … to be confronted with witnesses against him …." U.S. Const. Amend. VI. In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that the Sixth Amendment's

Confrontation Clause prohibits the admission of testimonial hearsay unless the declarant is available, or if unavailable, there was a prior opportunity to cross-examine the declarant, regardless of whether such statements are deemed reliable by court.[1]  *Id*. at 68. Testimonial hearsay clearly includes "prior testimony ... at a former trial."  *Id*.

Because Horn appeared and testified at petitioner's second trial, and clearly was subject to cross examination regarding his testimony in the preliminary hearing and first trial,[2] the admission of his prior eyewitness identification testimony was not barred by the Confrontation Clause.  The Supreme Court in *Crawford* made clear that "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements."  *Id*. at 59 n.9.  "The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it."  *Id*.

Moreover, the Sixth Amendment "includes no guarantee that every witness called by the prosecution will refrain from giving testimony that is marred by forgetfulness, confusion, or evasion.  To the contrary, the Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe and expose

---

[1] *Crawford* (decided March 8, 2004), applies to federal habeas review of the Kansas Supreme Court's decision in *Carter II* on June 25, 2004.  See *Lockyer*, 538 U.S. at 71-72 ("clearly established federal law" means "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision").

[2] The state court record in petitioner's second trial discloses that defense clearly could have cross examined Horn, but chose not to.  (ROA XIV, Vol II of Jury Trial, p. 209.)

5

these infirmities through cross-examination, thereby calling to the attention of the fact finder the reasons for giving scant weight to the witness' testimony." *United States v. Owens*, 484 U.S. 554, 558 (1988)(*quoting Delaware v. Fensterer*, 474 U.S. 15, 21-22 (1985)) "[W]hen a hearsay declarant is present at trial and subject to unrestricted cross-examination .... the traditional protections of the oath, cross-examination, and opportunity for the jury to observe the witness' demeanor satisfy the constitutional requirements." *Owens*, 484 U.S. at 560 (citation omitted). "We do not think that a constitutional line drawn by the Confrontation Clause falls between a forgetful witness' live testimony that he once believed this defendant to be the perpetrator of the crime, and the introduction of the witness' earlier statement to that effect." *Id*.

Although petitioner also argues Horn's prior testimony was unreliable because it was not subjected to vigorous defense scrutiny in the prior proceedings, *Crawford* overruled the earlier "indicia of reliability" test set forth in *Ohio v. Roberts*, 448 U.S. 56 (1980). And to the extent petitioner alleges the admission of Horn's prior statements violated Kansas statutes governing the admissibility of evidence, no claim of constitutional significance is presented by this alleged violation of state law. See *Estelle*, 502 U.S. 62, 67-68 ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Chapman v. LeMaster*, 302 F.3d 1189, 1196 (10th Cir.2002)("On habeas review, ... the [state] courts' interpretation of the state...statute is a matter of state law binding on this court.").

B. Remaining Grounds - Claims Two through Five

In his second and third claims, petitioner contends the

aggravated robbery offense was not properly charged because the criminal complaint failed to allege mens rea by never charging petitioner with taking property "intentionally or willfully," and contends the trial court constructively amended the information to include this missing element. In his fourth claim, petitioner argues the prosecutor misstated the law on reasonable doubt by telling jurors during closing argument that the words "beyond a reasonable doubt" did not appear in the jury instructions. In his fifth claim, petitioner maintains he was denied his right to effective appellate counsel in his direct appeal.

Respondents contend federal habeas review of claims two through four is barred by petitioner's procedural default in raising these claims in the state courts.

This contention has some purchase, as petitioner acknowledges the Kansas Court of Appeals denied petitioner's request to file a supplemental brief pursuant to Kansas Supreme Court Rule 6.09(b) to include these issues, and does not contend this satisfies the exhaustion requirement. See *State v. Greever*, 286 Kan. 124, 132 (2008)("A new issue raised in a letter submitted pursuant to [Kansas] Supreme Court Rule 6.09 is generally not preserved for review before an appellate court."). Instead, petitioner claims appellate counsel in petitioner's second direct appeal was constitutionally ineffective (claim five in the instant petition), and that this was the reason claims two through four were not raised in that appeal.

Respondent's argument for procedural default of grounds two through four is further buttressed by the Kansas Court of Appeals expressly stating the district court properly found these

allegations of trial error were not properly before the district court in the post-conviction proceeding. *Carter*, 2007 WL 2080431 at *3.

The state appellate court further noted, however, that petitioner's claim of ineffective appellate counsel in not raising these allegations in the direct appeal should have been considered by the district court, and proceeded to address the merits of petitioner's underlying claims pursuant to its independent analysis of whether there was any merit to petitioner's claim of ineffective assistance of appellate counsel. *Id*. Having examined the record, the court finds petitioner is entitled to no relief on any of his remaining claims.

To prevail on a claim of being denied the effective assistance of counsel guaranteed under the Sixth and Fourteenth Amendments, a petitioner must establish that counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms, and that there is a reasonable probability the outcome would have been different but for counsel's inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687-88 and 694 (1984). This standard governs claims of ineffective assistance of appellate counsel. *Smith v. Workman*, 550 F.3d 1258, 1268 (10th Cir. 2008). Appellate counsel's omission of a meritless issue does not satisfy this constitutional standard. *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir.2003).

<u>Claims Two and Three</u> - Aggravated Robbery Charge

To the extent petitioner alleges error in the charging document and jury instruction regarding the aggravated robbery charge, the Kansas Court of Appeals found petitioner had abandoned review of any

8

such claim by failing to brief or argue it, and by failing to provide any basis for finding appellate counsel had been deficient in not raising these claims in the direct appeal. Accordingly, federal habeas review of the merit of these underlying claims is barred by petitioner's failure to make any showing to excuse his procedural default in presenting these claims for state court review. See *Coleman v. Thompson*, 501 U.S. 722 (1991)(setting forth the procedural default doctrine); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)(a showing by the petitioner of "cause and prejudice" or "manifest injustice" is required to overcome the procedural default bar to federal habeas review).

Also, to the extent petitioner challenges the sufficiency of the evidence supporting his aggravated robbery conviction, this claim was considered and rejected by the Kansas Supreme Court in petitioner's direct appeal, and thus provides no support for petitioner's claim that appellate counsel in that direct appeal was ineffective. Moreover, a review of the state court record makes it clear that the state court's assessment of the evidence supporting petitioner's aggravated robbery conviction did not involve a contrary or unreasonable application of the established constitutional standard in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), to the facts in petitioner's case. See *Turrentine v. Mullin*, 390 F.3d 1181, 1197 (10th Cir.2004)(constitutionally sufficient evidence supports a conviction if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt")(*quoting Jackson*).

<u>Claim Four</u> - Prosecutorial Misconduct

9

During closing argument in petitioner's second trial, defense counsel urged the jury to acquit petitioner because the State's failure to provide evidence that petitioner was present at the scene or had committed any crime established reasonable doubt. In response, the prosecutor stated:

> "[I]t's instructive to look at what the instruction on doubt actually says and compare it, first of all, to what the defense attorney said. If you have no reasonable doubt as to the truth of any of the claims required to be proved, you should find the defendant guilty. It doesn't say we have to prove it beyond a reasonable doubt. That's nowhere in the law. Just have to show that you have no reasonable doubt."

(ROA XVII, Vol. V of Jury Trial, p.56). The Kansas Court of Appeals found "the prosecutor's comments did not alter the definition of reasonable doubt," but instead "reflected a direct quote from the instructions that the district court had already read to the jury." *Carter*, 2007 WL 2080431 at *5. While acknowledging the prosecutor's comments on reasonable doubt could have possibly misled or confused the jury, the state appellate court found it unlikely given the weight of the evidence against petitioner that the trial would have resulted in a different verdict absent these comments, and further found petitioner made no showing of any ill will by the prosecutor. *Id*.

Habeas corpus relief based upon prosecutorial misconduct not denying the defendant a specific constitutional right other than the right to a fundamentally fair trial is available only if the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). This constitutional

standard involves examining the strength of the evidence against the defendant to determine "whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." *Fero v. Kerby*, 39 F.3d 1462, 1474 (10th Cir.1994). A state court's determination of a prosecutorial misconduct claim on the merits is entitled to deference, with federal habeas corpus relief available only upon a showing that the state court's determination contravened or unreasonably applied clearly established Supreme Court law, or was based on an unreasonable determination of the facts in light of the evidence. *Williams*, 529 U.S. at 413; *Pickens v. Gibson*, 206 F.3d 988, 997 (10th Cir.2000). See *Matthews v. Workman*, 577 F.3d 1175, 1186 (10th Cir.2009)(where a state appellate court denies a prosecutorial misconduct claim on the merits, federal habeas review must "assess this decision through AEDPA's forgiving lens.").

In the present case, petitioner has failed to demonstrate the Kansas Court of Appeals' determination of his prosecutorial misconduct claim is contrary to Supreme Court precedent or based on an unreasonable determination of the facts. Moreover, this court's review of the trial record finds the evidence, taken as a whole, clearly outweighs any likelihood that the prosecutor's isolated statement unfairly prejudiced the petitioner.

<u>Claim Five</u> - Right to Effective Appellate Counsel

The Kansas Court of Appeals rejected petitioner's claim of ineffective assistance of appellate counsel, finding petitioner made no showing that appellate counsel performed deficiently in failing to challenge the indictment and jury instruction regarding the aggravated robbery charge, or to raise a claim of prosecutorial misconduct, in petitioner's direct appeal. Considering petitioner's

default and the lack of merit in his underlying claims, as set forth above, the court finds the state court's determination that petitioner was entitled to no relief on his claim of ineffective assistance of appellate counsel was not a contrary or unreasonable application of the clearly established Supreme Court precedent in *Strickland*.

*CONCLUSION*

Accordingly, because petitioner has made no showing that he is entitled to federal habeas relief on any of his claims, the court denies the petition.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is denied.

**IT IS SO ORDERED.**

DATED:  This 4th day of January 2011 at Topeka, Kansas.

           s/ Sam A. Crow
           SAM A. CROW
           U.S. Senior District Judge